IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jacob Baker, | ) | Civil Action No.: 6:12-2871-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Greenville Mental Health Center, SC; Michael A. Baker; Greenville Police Department, SC; Greenville Sheriff Department, SC; US Department of Justice; Attorney General; Cop Response Center, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Jacob Baker ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. On October 4, 2012, Plaintiff, filed this civil action seeking monetary damages in the amount of twenty-one billion dollars. (ECF No. 1 at 5.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. On October 16, 2012, Magistrate Judge Austin issued a Report and Recommendation ("Report") recommending *inter alia* that the Court dismiss Plaintiff's complaint without prejudice and service of process as Plaintiff has failed to state a claim upon which relief may be granted. (ECF No. 21.) In the Report, the Magistrate Judge found that "[i]t is impossible to determine from the Complaint and its numerous attachments what sort of claim Plaintiff is attempting to bring before this Court." (ECF No. 21 at 2-3.) The Report sets forth in detail the relevant facts and legal standards on this matter which the Court incorporates herein without a recitation.

The Magistrate Judge only makes a recommendation to the Court. The

recommendation has no presumptive weight, and the Court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff timely filed objections to the Magistrate Judge's Report (ECF No. 28), and has also filed numerous other documents and motions. (Reply, ECF No. 25; Letter, ECF No. 26; Letter, ECF No. 27; Motion to Amend Complaint, ECF No. 30; Letter, ECF No. 31; Letter, ECF No. 35; Letter, ECF No. 37; Letter, ECF No. 38; Pro Se Motion for Investigation, ECF No. 39; Letter, ECF No. 40; Letter, ECF No. 41; Motion for Default Judgment, ECF No. 42; Letter, ECF No. 43; Motion to Mediate, ECF No. 44; Letter, ECF No. 45; Letter, ECF No. 46; Letter, ECF No. 47; Letter, ECF No. 48; Pro Se Motion for Registration, ECF No. 49; and Letter, ECF No. 50.) Plaintiff's handwriting is virtually illegible and the formatting incomprehensible, but the Court has made its best effort to decipher Plaintiff's words, sentences, and intended meaning. As far as the Court can discern, in his reply to the Magistrate Judge's report Plaintiff seeks to add additional documents to his case. (ECF No. 25.) The Court is unclear what relevance these documents and Plaintiff's notes have to this matter. Plaintiff's objections to the Magistrate Judge's Report appear to discuss his need for paper, inquire about adding a party to the lawsuit, explain why he seeks such a large sum of money, and suggest that the U.S. Marshals should conduct an investigation under the Patriot Act. (ECF No. 28.) On the whole, the Court is unable to comprehend Plaintiff's intended and alleged claims. Further,

the objections do not appear to respond or relate to any dispositive portion of the Magistrate Judge's Report.

Some of Plaintiff's letters filed with the Court appear to concern matters such as: failure to receive documentation from the Greenville Mental Health Center, the need for federal investigations pursuant to the Patriot Act or investigations to be conducted in a law office, and Plaintiff's need for a letter from the Federal Election Commission so that he can run for President of the United States. Other letters appear to generally mention his complaint and inquire about the status of his case and pending motions. Additionally, to the extent Plaintiff seeks to amend his complaint to add the Federal Election Commission as an additional party (ECF No. 30), the motion is denied as the proposed amended complaint would be subject to summary dismissal for the same reasons articulated by the Magistrate Judge concerning Plaintiff's initial complaint. Because service of process has not yet been authorized, Plaintiff is entitled to amend his complaint "once as a matter of course." *See* Fed. R. Civ. P. 15(a)(2). But, even when a party may amend as a matter of course, leave to amend may be denied if there is bad faith, undue prejudice to the opposing party, or futility of amendment. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir.2000). Plaintiff's proposed amendment would be futile here and Plaintiff's motion to amend is denied. Plaintiff also filed a *pro se* motion for investigation but it is unclear the basis of the motion or the exact relief sought. (ECF No. 39). He also moves for an entry of default judgment (ECF No. 42), a mediation order (ECF No. 44), and for registration of a judgment (ECF No. 49).

The Court has carefully reviewed Plaintiff's *pro se* complaints, petitions, objections,

and replies and has construed them liberally to allow for the development of a potentially meritorious case. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), cert. denied, 439 U.S. 970 (1978); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387, 390-91 (4th Cir.1990). The Magistrate Judge correctly determined that Plaintiff failed to state a claim upon which relief may be granted since he made no allegation of a deprivation of civil rights. (ECF No. 21 at 3-4.) The Court agrees with the Magistrate Judge's conclusions and application of the legal standards in this case. Plaintiff's objections, to the extent they can be construed as such, are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and otherwise have no merit. Additionally, default judgment is not appropriate here where service of process has not been authorized and thus, both Plaintiff's Motion for Default Judgment (ECF No. 42) and Motion for Registration (ECF No. 49) are denied.

After a thorough review of the Magistrate Judge's Report, the applicable law, and the record in this case, the Court accepts the Report. Accordingly, the Report is incorporated herein by reference, and the instant action is DISMISSED without prejudice and without service of process. Any and all remaining pending motions are denied as moot.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

March 28, 2013
Spartanburg, South Carolina